**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| REGGIE L. EAKINS, JR., | DOCKET NUMBER |
|        Appellant, | SF-0752-16-0714-I-1 |
|     v. | |
| DEPARTMENT OF ENERGY, | DATE: March 30, 2023 |
|        Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Reggie L. Eakins, Jr.</u>, Benton City, Washington, pro se.

<u>Anissa Siefken</u> and <u>Marla K. Marvin</u>, Richland, Washington, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his appeal of the agency's cancellation of his promotion for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to clarify that the appellant failed to prove by preponderant evidence that his promotion was approved by an authorized appointing official aware he was making the promotion, we AFFIRM the initial decision.

## BACKGROUND

¶2    The appellant, a GS-13 General Engineer with the agency's Office of River Protection, applied for a GS-14 Nuclear Engineer position with the agency's Richland Operation Office in May 2016. Initial Appeal File (IAF), Tab 1 at 7-8; Tab 5 at 39-56. Although the position was listed as a GS-13/14 position with a promotion potential to GS-14, the appellant indicated in his application that he only wished to be considered for the position at the GS-14 level. IAF, Tab 5 at 37, 39, 51-56. The appellant was selected for the position, and it was offered

and he accepted it on June 15, 2016, with an effective date of June 26, 2016. IAF, Tab 1 at 10-11.

¶3    The agency issued two Standard Form (SF) 50s dated June 26, 2016, one promoting the appellant to the GS-14 Nuclear Engineer position, and the second cancelling that promotion. *Id.* at 7-8. Both had the same effective date, with the cancellation SF-50 indicating in the Remarks section that it was due to "Administrative Error." *Id.* The agency's Human Resources Office contacted the appellant by telephone on July 12, 2016, and by letter on July 15, 2016, and informed him that the agency canceled the promotion because his application was erroneously accepted, given that he was not sufficiently qualified to complete the duties of the position at the GS-14 level. IAF, Tab 1 at 5; Tab 5 at 15-16. The appellant filed the instant appeal on August 25, 2016, alleging that he suffered a demotion or a reduction in grade or pay as a result of the agency's decision rescinding his promotion. IAF, Tab 1.

¶4    The administrative judge issued an initial decision that dismissed the appeal for lack of Board jurisdiction. IAF, Tab 7, Initial Decision (ID). The administrative judge found that an authorized official actually appointed the appellant to the promotion position and that the appellant took action denoting his acceptance of the position. ID at 7 (citing *Levy v. Department of Labor*, 118 M.S.P.R. 619, ¶¶ 7, 10 (2012)). However, he found that, based on the totality of the circumstances, the appellant failed to show by preponderant evidence[3] that

---

[3] The administrative judge correctly observed that an appellant challenging an adverse action (here, the alleged reduction in grade or pay) is ordinarily required to make nonfrivolous allegations of jurisdiction over his appeal to proceed to a jurisdictional hearing, at which he must prove Board jurisdiction by a preponderance of the evidence. ID at 6 n.4 (citing *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006)). However, because the appellant waived his right to a hearing, the administrative judge directly proceeded to the ultimate jurisdictional question–that is, whether the appellant proved, by preponderant evidence, that the Board has jurisdiction over his appeal. *Id.* We find no error with the administrative judge's determination in this regard.

the promotion became effective prior to being cancelled. ID at 7. He noted that both the promotion SF-50 and the cancellation SF-50 had effective dates of June 26, 2016, and that aside from the appellant's self-reported statement that he completed self-study training courses without receiving instructions to do so, there was no evidence that the appellant: received an orientation, a performance plan, a new office, or reporting instructions; assumed the duties of the Nuclear Engineer position; received pay at the GS-14 level; or performed any other duties in the promotion position. ID at 8-9. Accordingly, the administrative judge found that the agency properly revoked or cancelled the appellant's promotion before he entered on duty or performed in the position. ID at 9-10. He also found that the agency cancelled the promotion immediately, effectuating a cancellation SF-50 the same day as the effective date of the promotion SF-50, even though the appellant was not notified until more than 2 weeks later. ID at 10.

¶5     The appellant filed a petition for review, and the agency filed a response. Petition for Review (PFR) File, Tabs 1, 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6     On review, the appellant challenges the decision below, arguing that his promotion to the GS-14 position was effectuated 3 weeks prior to being cancelled. PFR File, Tab 1 at 4-5. He argues that, despite sharing the same effective date with the promotion SF-50, the cancellation SF-50 was not actually completed until some point after he received verbal and written notification of the cancellation on July 12, 2016, and July 15, 2016, respectively, and was later "backdated" to the June 26, 2016 effective date. *Id*. at 4. To support his contention, the appellant submits webpage screenshots from a number of agency personnel management systems that he claims show that his promotion was still in effect up to 3 weeks after the effective date of the promotion and cancellation SF-50s. *Id*. at 4, 6-10; PFR File, Tab 10 at 9-14.

¶7        On May 5, 2017, the Clerk of the Board issued an order instructing the parties to submit additional evidence and argument addressing whether the promotion in question was properly revoked before it became effective.  PFR File, Tab 8.  Specifically, the order directed the parties to provide evidence concerning whether the selecting official (SO) knew that he was promoting the appellant to the GS-14 position, and when, exactly, the promotion was cancelled. *Id*. at 3-6.  The order further instructed the parties to submit all documents and communications related to the GS-14 promotion, as well as additional sworn affidavits from the individuals responsible for effectuating the promotion and cancellation. *Id.* at 4-5.  The appellant and the agency both submitted evidence and argument, which we have considered.  PFR File, Tabs 9-12.

¶8        The Board has jurisdiction to review an appeal of a reduction in grade or pay. *See* 5 U.S.C. § 7512.  A cancellation of an effected promotion constitutes an appealable reduction in grade. *Levy*, 118 M.S.P.R. 619, ¶ 6.  If the promotion to a higher grade was not effected, however, there was not an appealable reduction in grade or pay. *Id.*; *Clark v. Department of the Interior*, 68 M.S.P.R. 453, 457 (1995).  To establish jurisdiction over an appeal from the cancellation of a promotion as a reduction in grade, the appellant must show that:  (1) the promotion actually occurred; that is, it was approved by an authorized appointing official aware that he or she was making the promotion; (2) the appellant took some action denoting acceptance of the promotion; and (3) the promotion was not revoked before it became effective.[4] *Levy*, 118 M.S.P.R. 619, ¶ 10.

¶9        As noted, the administrative judge determined, based on the record before him, that the appellant satisfied the first two elements set forth in *Levy*. ID at 7. On review, in response to the Clerk of the Board's order, the agency furnished

---

[4] The appellant also must show that he meets the statutory definition of an employee with Board appeal rights. *See* 5 U.S.C. §§ 7511(a)(1), 7513(d), and 7701.  That issue is not in dispute in this case.  ID at 7.

additional evidence and argument regarding whether the SO knew that he was promoting the appellant to the GS-14 level when the promotion was offered. The agency submitted a declaration from the SO responsible for interviewing and hiring the applicants for the GS-13/14 Nuclear Engineer position. PFR File, Tab 12 at 30-37. The SO declared that when he selected the appellant it was never his intention to promote him to the GS-14 level. *Id.* at 31, ¶ 5. Instead, the SO declared that he intended to hire the appellant at the GS-13 level, with the expectation that he would be promoted to the GS-14 level only after completing a series of necessary technical trainings over a period of approximately 18 months. *Id.*

¶10     The SO further declared that he first informed the appellant that he was under consideration only for the position at the GS-13 level during the interview, at which he told the appellant that, if hired, he would receive specialized training as a GS-13 for 18 months, at the end of which he could be promoted to the GS-14 level. *Id.* at 31-32, ¶¶ 8-9, 41. The SO corroborated this by providing a copy of the interview questions asked of the appellant, including a question concerning whether the appellant had any concern about the time and effort it would take to qualify for promotion. *Id*. at 41. The SO also contacted the other hiring panel members by email, who confirmed that it was mentioned during the interview that the appellant would need to first serve at the GS-13 level before promotion, even though the appellant expressed some interest in being considered for the GS-14 position. *Id.* at 46-54.

¶11     According to the SO's declaration, following receipt of the certificates of eligibles for the GS-13/14 Nuclear Engineer position, the SO received email instructions for how to create a profile and access the agency's hiring system software, which he was unfamiliar with and had not previously used. *Id.* at 32-33, ¶¶ 14-15. After accessing the hiring system software, the SO saw a screen indicating that he could "select" candidates under the certificate of eligibles for the position, which was identified on the screen as "Grade 13, 14."

*Id.* at 33, ¶ 17. The SO selected the appellant for the position, completing his role in the hiring process. *Id.* at 33, ¶¶ 17, 19. What was not readily discernible to the SO, however, was the fact that, although the screen identified the position as "Grade 13, 14," the appellant had limited his application to consideration at the GS-14 level only, and so the SO's selection unwittingly resulted in promoting the appellant to the GS-14 level, instead of laterally hiring him at the GS-13 level with promotion potential to the GS-14 level, as the SO intended. *Id.* at 33, ¶¶ 17, 56.

¶12    According to a declaration made under penalty of perjury by an agency Human Resources (HR) Specialist, she received a notification informing her of the SO's selection. PFR File, Tab 11 at 6, ¶ 10. On June 15, 2016, the HR Specialist emailed the appellant a job offer at the GS-14 level, and the appellant replied, accepting the offer the same day. *Id*. at 6, ¶ 12, 20-21. The HR Specialist then emailed the SO informing him that the appellant had accepted the position at the GS-14 level. *Id*. at 6, ¶ 13. The SO replied within 26 minutes, indicating that the promotion was a mistake because the appellant was not qualified at the GS-14 level and expressing that he had intended to hire the appellant as a GS-13 with promotion potential to the GS-14 level. *See id.* at 23-24.

¶13    On June 22, 2016–4 days before the effective date of the promotion–the SO submitted a formal request to reconsider the agency's qualification decision regarding the appellant. PFR File, Tab 12 at 61-65. In his request, the SO reiterated that he had promoted the appellant to the GS-14 position in error and had intended to hire him at the GS-13 level with promotion potential to GS-14. *Id.* at 62. On June 24, 2016, the Acting Director of the agency's HR Office replied indicating that he would not be able to process the reconsideration request before the effective date of the promotion and that the promotion would need to be placed on hold in the interim. *Id.* at 25-26. On July 8, 2016, the agency decided that the appellant should not have been referred on the GS-14 certificate

of eligibles, and the agency rescinded the offer and cancelled the competitive service certificate. *Id.* at 28-29. The agency subsequently informed the appellant of the rescission by phone on July 12th and by letter on July 15th. *Id.* at 80-81, ¶¶ 10, 14; IAF, Tab 1 at 12.

¶14     The Board's decision in *Hoever v. Department of the Navy*, 115 M.S.P.R. 487 (2011), offers some instructive guidance applicable to the instant case. In *Hoever*, the administrative judge reversed the agency's action cancelling the appellant's promotion and a 10% raise in favor of a 6.43% raise and promotion, finding that the appellant suffered a reduction in pay as a result of the cancellation. *Hoever*, 115 M.S.P.R. 487, ¶¶ 2-5. Reversing the administrative judge, the Board found that the 10% raise was not "approved by an authorized appointing official aware that he or she was making the promotion or appointment," even though a "recommending official" authorized the offer and an HR Specialist conveyed it to the appellant, who accepted it. *Id.*, ¶¶ 9, 15-17.

¶15     The Board in *Hoever* initially acknowledged that it examines the totality of the circumstances surrounding an appointment to determine whether the requisite "last act" of an official with appointment power had taken place, for the appointment to be considered effective. *Id.*, ¶ 8. The Board determined that the 10% raise had not been approved because that agency's promotion process required that higher-level officials in two different departments must sign off on the promotion for it to become effective. *Id.*, ¶¶ 9-12, 17-18. Because the promotion was never approved, the appellant did not suffer an appealable reduction in pay when his erroneous 10% raise was cancelled, and his salary was reset to the 5% increase (and eventually, to the 6.43% increase) level. *Id.*, ¶ 18.

¶16     As described in the agency's sworn declarations, the SO in the instant case selected the appellant using the agency's hiring system software. PFR File, Tab 12 at 33, ¶¶ 17, 19. The selection notification was then transmitted to an HR Specialist responsible for contacting the selected candidate to offer the position. PFR File, Tab 11 at 6, ¶ 2. Because the SO averred that he did not intend to

promote the appellant to the GS-14 position and was not even aware that he was doing so when he conveyed the selection to the HR Specialist using the agency's hiring system software, the appellant's promotion was never "approved by an authorized appointing official aware that he [] was making the promotion." *Levy*, 118 M.S.P.R. 619, ¶ 7; *see Clark*, 68 M.S.P.R. at 457. As a result, based on the totality of the circumstances, the requisite "last act" to complete the appellant's promotion to the GS-14 position never occurred and never became effective, even if the offer was later mistakenly conveyed to the appellant by the HR Specialist. *See Hoever*, 115 M.S.P.R. 487, ¶¶ 9, 15-17; *Scott v. Department of the Navy*, 8 M.S.P.R. 282, 287 (1981).

¶17        As such, we modify the initial decision to find that the appellant failed to prove, by preponderant evidence, that the Board has jurisdiction over his appeal as a reduction in grade or pay, because he has not demonstrated that the promotion actually occurred; that is, it was approved by an authorized appointing official aware that he was making the promotion. *Levy*, 118 M.S.P.R. 619, ¶ 10. Alternatively, although we are modifying the initial decision to find that the Board lacks jurisdiction over the appeal for the reasons provided, we still affirm the administrative judge's jurisdictional finding that the record reflects that the agency properly canceled or revoked that appellant's promotion before he ever entered on duty or performed in the position. ID at 9-10; IAF, Tabs 1, 5-6; *see National Treasury Employees Union v. Reagan*, 663 F.2d 239, 252 (D.C. Cir. 1981).

¶18        Accordingly, we deny the petition for review and affirm the initial decision as modified.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                           /s/ for
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.